UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC A. CAMPBELL-BEY,

        Plaintiff,

v.                              Case Number 16-13762

STATE OF MICHIGAN, MICHIGAN
STATE LEGISLATURE, AND RICK
SNYDER,

        Defendant.
                            /

**ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE**

    Pending before the court is Plaintiff Dominic A. Campbell-Bey's *pro se* civil rights complaint, filed under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. Plaintiff names three defendants, the State of Michigan, the Michigan State Legislature, and Governor Rick Snyder. He challenges his sentence of non-parolable life for first-degree murder. His claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment on the merits of those claims would affect the validity of his sentence. Accordingly, the court summarily dismisses the complaint without prejudice.

    Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*,

355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The complaint challenges Plaintiff's sentence. Plaintiff argues that he should have been sentenced to life with the possibility of parole and that his non-parolable life sentence violates the Eighth and Fourteenth Amendments.

A claim under section 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. Id. at 486-87. Plaintiff seeks a declaratory judgment that his current sentence is unconstitutional. That is, he seeks the invalidation of his current sentence, a claim properly filed under habeas corpus not under § 1983. This dismissal is without prejudice.[1]

For the reasons set forth above, the court concludes that Plaintiff's complaint fails to state a claim for which relief presently may be granted. Accordingly, the complaint is summarily dismissed without prejudice.

SO ORDERED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 3, 2017

---

[1] See Hodge v. City of Elyria, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to Heck should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 3, 2017, by electronic and/or ordinary mail.

                                           S/Shawna C. Burns
                                           Case Manager Generalist
                                           (810) 984-2056